## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

———————————————————— )
                                                    )
ROGER CHARLES DAY, JR.,                             )
                                                    )
            Plaintiff,                              )
                                                    )
    v.                                              )          Civil Action No. 20-0806 (EGS)
                                                    )
DAVID HASKETT, *et al.*,                            )
                                                    )
            Defendants.                             )
———————————————————— )

## <u>MEMORANDUM OPINION</u>

Roger Charles Day, Jr., proceeding *pro se* and *in forma pauperis*, brought this action

under the Torture Victim Protection Act ("TVPA"), *see* 28 U.S.C. § 1350 (note), the United

Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or

Punishment ("CAT"), 1465 U.N.T.S. 85, 23 I.L.M. 1027, and the Racketeering Influenced and

Corrupt Organizations Act ("RICO"), *see* 18 U.S.C. § 1961 *et seq*., against four officials of the

United States Department of State, *see* Compl. ¶¶ 4-7, one official of the United States

Department of Justice, *see id.* ¶ 8, and the former Minister of Foreign Affairs and Secretary of

Public Security for the United Mexican States, *see id.* ¶¶ 9-10.  According to plaintiff, he was

detained at a Mexican prison and "was physically tortured by, and at the order of, the Mexican

Official Defendants with the full knowledge and upon the orders of the United States Official

Defendants, with, at minimum the knowledge and acquiescence of the United States Official

Defendants while working in their official capacity and using their official authority to aid, abet,

authorize, allow, assist, cause and then cover-up and conceal the physical torture of the Plaintiff

and their involvement therein."  *Id.* ¶ 12; *see generally id*., App. A.  Plaintiff further alleged that

defendants intentionally inflicted physical and mental "punishment for acts he may have committed or was suspected of having committed for the purpose of intimidating and/or coercing him to waive his rights under the treaty of extradition between the United States of America and the United Mexican States." *Id.* ¶ 16. [1]

Neither the United States of America nor Mexico was named a party defendant. Nevertheless, construing plaintiff's *pro se* complaint liberally, *see Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam), the Court initially proceeded as if all defendants are sued in both their official and individual capacities.

On May 6, 2020, the Court issued an Order (ECF No. 6) directing the Clerk of Court to issue summonses and cause process to be served on the United States Department of State, the United States Attorney General, and the United States Attorney for the District of Columbia. For reasons unknown, the Clerk of Court did not issue summonses.

This Order also directed plaintiff to provide a complete address where each defendant sued in his or her individual capacity could be served with process. Plaintiff was advised that, if he failed to submit this information within 30 days of entry of the Order, the Court would dismiss the complaint as against the individual defendants in their individual capacities. To date, plaintiff has not provided addresses for service on the individual defendants.

If the Mexican defendants were sued in their official capacities, plaintiff's claims presumably are treated as if plaintiff brought them against Mexico itself. In this circumstance, "[u]nless a specified exception [under the Foreign Sovereign Immunities Act] applies, a federal

---

[1]  Mexico agreed to extradite plaintiff in December 2010, and in August 2011, plaintiff was tried and convicted in the United States District Court for the Eastern District of Virginia. *See United States v. Day*, 700 F.3d 713, 718 (4th Cir. 2012). "[I]n addition to the term of [105 years'] imprisonment, the court imposed . . . a fine of $3 million, restitution of more than $6 million, and forfeiture consisting of gold, vehicles, and more than $2 million in cash." *Id.* at 720.

court lacks subject-matter jurisdiction over a claim against a foreign state." *Fed. Republic of Germany v. Philipp*, 141 S. Ct. 703, 709 (2021) (quoting *Saudi Arabia v. Nelson*, 507 U.S. 349, 355 (1993)).

The Court issued a second Order (ECF No. 7) on May 6, 2020, directing plaintiff to show cause in writing why the claims against the Mexican defendants in their official capacities should not be dismissed for lack of subject matter jurisdiction.  The Response to the Court's Order to Show Cause (ECF No. 10) clarified that plaintiff "does not seek enforcement of a rule of law against Mexico or bind Mexico," *id*. at 14, and otherwise presented arguments supporting plaintiff's assertions that the Mexican defendants in their individual capacities can be held liable in federal district court for alleged acts committed in Mexico in violation of TVPA, CAT and RICO, *see generally id.* at 2-14.  Having now considered the complaint together with plaintiff's response to the order to show cause, the Court has concluded that all defendants are sued in their individual capacities only.

Pursuant to 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3), on behalf of a plaintiff proceeding *pro se* and *in forma pauperis*, the Clerk of Court issues summonses and causes service of process to be effected on defendants, typically by the United States Marshals Service.  "But the plaintiff must provide the district court with sufficient information to enable the Marshals Service to effectuate service of process." *Meade v. Reynolds*, 810 F. App'x 86, 88–89 (3d Cir. 2020); *see Laurence v. Wall*, 551 F.3d 92, 94 (1st Cir. 2008) (per curiam) ("The [*in forma pauperis*] plaintiff is, however, required to cooperate with the court and the United States Marshal in effectuating service, including providing the addresses of the named defendants, if needed, and completing any necessary paperwork and forms.").

Local Civil Rule 5.1 provides, in pertinent part, that a *pro se* plaintiff proceeding *in forma*

*pauperis* "must provide in the caption [of the complaint] the name and full residence address or official address of each party.  Failure to provide the address information within 30 days [of] filing may result in the dismissal of the case against the defendant."  LCvR 5.1(e)(1).  "A district court has no duty to assist a plaintiff in locating a defendant's address for the purpose of service of process."  *Gibson-Michaels v. Johnson*, No. 06-CV-1939, 2007 WL 1589500, at *1 (D.D.C. June 1, 2007) (citing *Barmes v. Nolan*, 123 Fed.  App'x. 238, 239 (7th Cir. 2005)); *see Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987) (noting that an incarcerated plaintiff proceeding *in forma pauperis* "may not remain silent and do nothing to effectuate such service"); *Leek v. Thomas*, No. 09-cv-3036, 2009 WL 2876352, at *2 (D. Kan. Sept. 2, 2009) (remarking that "[i]t is highly questionable that either court staff or employees of the [U.S. Marshals Service] have a duty to mount an extensive search for and locate a defendant in a civil case for personal service when a plaintiff has failed to provide an address or other sufficient information for service").

This case cannot proceed without service of process, and service cannot be effectuated without defendants' addresses.  It is plaintiff's obligation to provide those addresses, and his failure to do so warrants dismissal of the complaint and this civil action without prejudice.  An Order is issued separately.

DATE: August 10, 2021                    /s/
                                         EMMET G. SULLIVAN
                                         United States District Judge