UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROGER CHARLES DAY JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DAVID HASKETT, *et al.*, )<br>)<br>Defendants. )<br>) | Civil Action No. 20-0806 (EGS) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO DISQUALIFY**

Defendants David Haskett, Nelson Wu, Clifford Johnson, Edward Betancourt, and Jerold McMillen ("Federal Individual Defendants"), by and through undersigned counsel, respectfully submit their opposition to Plaintiff Roger Charles Day Jr.'s motion to disqualify the Department of Justice from representing the Federal Individual Defendants (ECF No. 40, "Plaintiff's Motion").[1] For the following reasons, Plaintiff's Motion should be denied.

## BACKGROUND

Plaintiff's Complaint (ECF No. 1) purports to state claims against the Federal Individual Defendants under the Torture Victim Protection Act ("TVPA"), the Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("Convention"), and the Racketeering Influenced and Corrupt Organizations Act ("RICO"). Compl. at 1. Plaintiff's claims appear to be based on his allegations that, after he was detained in Mexico and was contesting extradition to the United States to face trial for defrauding the Department of Defense, he was subjected to torture in a Mexican facility. *See generally* Compl. Plaintiff alleges that he "was

---

[1] Plaintiff has also submitted a memorandum of law in support of his Motion (ECF 40-1, "Plaintiff's Brief").

physically tortured . . . with the full knowledge and upon the orders of [the Federal Individual Defendants] while working in their official capacit[ies] and using their official authority to aid, abet, authorize, allow, assist, cause and then cover up and conceal the physical torture of the Plaintiff and their involvement therein." Compl. at 3.

The Department of Justice has determined that it reasonably appears from the information presently available that the events giving rise to this action occurred within the scope of the Federal Individual Defendants' federal employment and that representation by the Department of Justice would be in the interest of the United States. Therefore, pursuant to 28 C.F.R. § 50.15(a)(2), Department of Justice representation in this matter was authorized for the Federal Individual Defendants. Plaintiff moved to disqualify the Department of Justice from representing the Federal Individual Defendants on grounds that the Department has a conflict of interest because it is obliged to investigate the allegations that Plaintiff has made against the Federal Individual Defendants, and Department employees might be witnesses in Plaintiff's case. Pl's Br. at 1-3.

## ARGUMENT

The Federal Individual Defendants respectfully oppose Plaintiff's Motion. The United States has broad discretion to participate in this suit pursuant to 28 U.S.C. § 517. *Thomas v. Wilkins*, 61 F. Supp. 3d 13, 16 (D.D.C. 2014), *aff'd*, No. 14-5197, 2015 WL 1606933 (D.C. Cir. Feb. 23, 2015). Section 517 allows "any officer of the Department of Justice" to "attend to the interests of the United States in a suit pending in a court of the United States." 28 U.S.C. § 517. This Circuit has previously recognized the "entirely discretionary nature of [this] power and the breadth of that discretion," and "neither the statute, nor any regulation, nor any administrative practice cabins this discretion or furnishes any standard by which to review the Attorney General's determinations in this area." *Falkowski v. E.E.O.C.*, 783 F.2d 252, 253 (D.C. Cir. 1986). Moreover, federal regulations provide that the Attorney General, through a designee, may in his

discretion provide representation for present and former federal employees in civil suits "when the actions for which representation is requested reasonably appear to have been performed within the scope of the employee's employment and the Attorney General or his designee determines that providing representation would otherwise be in the interest of the United States." 28 C.F.R. § 50.15(a); *see also Falkowski*, 783 F.2d at 253 ("We further observe that the Attorney General has long possessed the power to decide whether to provide counsel for a federal employee.").

Because the Federal Individual Defendants were federal employees during the period at issue in Plaintiff's Complaint, the United States has authority to provide representation to protect its interests. *See Hall v. Clinton*, 143 F.Supp.2d 1, 4 (D.D.C. 2001) (noting that, under § 517, the Attorney General is "empowered to provide representation whenever in his opinion [the United States'] interests may be jeopardized," and further explaining that this decision is "non-reviewable") (citations omitted); *Rodriguez v. Shulman*, 843 F. Supp. 2d 96, 100 (D.D.C. 2012) ("[T]he language of the regulations makes clear it is for the Government to determine whether federal employees should receive representation.").

Plaintiff's argument—which is scant on citation to legal authority—appears to be that because (he alleges) the Convention requires the Department of Justice to investigate Plaintiff's allegations regarding the Federal Individual Defendants' roles in his alleged torture and because he believes that Department of Justice employees will be witnesses in this case, the Department of Justice has a conflict of interest and cannot represent the Federal Individual Defendants. Pl's Br. at 21-26. Plaintiff's beliefs and suppositions about whether the Federal Individual Defendants are under investigation by the Department of Justice are "irrelevant because the language of the regulation makes clear it is for the Government to determine whether federal employees should

receive representation." *Rodriguez*, 843 F. Supp. 2d at 100 (citing 28 C.F.R. § 50.15).[2] In addition, the nature of the claims against the Federal Individual Defendants is not a basis to disqualify the Department of Justice from representation. *Al-Tamimi v. Adelson*, Civ. A. No. 16-445 (TSC), 2016 WL 10655512, at *1 (D.D.C. Dec. 15, 2016) ("[G]iven that DOJ was aware of the nature of the claims when the Attorney General decided to provide representation, the court will defer to this exercise of [the Attorney General's] discretionary authority"). Finally, "Plaintiff has failed to demonstrate that the individuals handling this case on behalf of the [Federal Individual] Defendants have an actual conflict of interest." *Thomas*, 61 F. Supp. 3d at 16 n.4.[3]

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion should be denied.

---

[2] Plaintiff puts great emphasis on what he asserts is a mandatory requirement in the Convention for the United States to investigate allegations "that an act of torture has been committed in any territory under its jurisdiction" and asserts this as the basis for his belief that the Federal Individual Defendants must be under investigation and, therefore, ineligible for representation by the Department of Justice. Pl's Br. at 2. As a threshold matter, the alleged acts of torture are alleged to have occurred in Mexico, not in any "territory under [American] jurisdiction." *See* Compl. Moreover, the alleged acts of torture occurred over a decade ago (*see* Compl.) and Plaintiff was convicted of federal fraud charges in 2011 (*see* https://www.justice.gov/opa/pr/former-america-s-most-wanted-fugitive-sentenced-virginia-105-years-prison-leading), so it is pure speculation that any investigation into Plaintiff's allegations is ongoing. In any event, "Articles 1 through 16 of the Convention [Against Torture] are not self-executing," 136 Cong. Rec. 36,198, and, therefore, are not judicially enforceable.

[3] One of the few cases that Plaintiff does cite, *Cohen v. Oasin*, 844 F. Supp. 1065 (E.D. Pa. 1994), actually supports the denial of Plaintiff's Motion. The *Cohen* court, which did not disqualify the United States Attorney from the representation at issue, observed that "[s]imply because plaintiff alleges that defendant acted adversely to the standards of GSA does not mean that this is necessarily true and that a conflict of interest exists," and, "given that this case has not progressed beyond the filing of the complaint, there is nothing in the record to indicate that a conflict exists." *Cohen*, 844 F. Supp. at 1068.

- 5 -

Dated: November 28, 2022
Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division


By:       /s/   *Sian Jones*
    SIAN JONES, D.C. Bar # 1024062
    Assistant United States Attorney
    601 D Street, NW
    Washington, D.C., 20530
    Phone: (202) 252-2578
    Fax: (202) 252-2599
    Email: Sian.Jones@usdoj.gov

*Attorneys for the United States of America*